UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LAHENS, Rudy (A47-632-740),

                    Plaintiff,

- against -

ANDREA QUARANTILLO,
New York District Director of the United
States Citizenship and Immigration Services,

AND

ROBERT S. MUELLER, III,
Director, Federal Bureau of Investigations,

                    Defendants.

------------------------------------------------------------X

JUDGE COTE

07 CV 11325

Civ. No.

COMPLAINT



DEC 17 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, Mr. Rudy Lahens ("Mr. Lahens"), by his attorneys, BRETZ & COVEN, LLP, hereby alleges, upon information and belief as follows:

## I. INTRODUCTION

1.    This is a civil action brought by Plaintiff, to compel Defendants and those acting under them to take action on a naturalization application (Form N-400) that was filed on behalf of Mr. Lahens, with the United States Citizenship and Immigration Services ("USCIS") on or about May 31, 2005, and on which Defendants and those acting under them have failed to take timely action.

## II. JURISDICTION

2. This Court has jurisdiction pursuant to INA § 336(b), 8 U.S.C, §1447(b), because the USCIS failed to make a determination regarding Mr. Lahens's naturalization application within 120 days after the date of his naturalization examination.

3. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) in conjunction with the Administrative Procedure Act ("APA") (5 U.S.C. § 555(b)), and the Immigration Nationality Act ("INA") and regulations implementing it (Title 8 of the C.F.R.).

4. Under 28 U.S.C. § 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. § 1331 because this action arises under the APA (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the INA and regulations implementing it (Title 8 of the C.F.R.).

5. The APA requires the USCIS to carry out its duties within a reasonable time. The provision of the APA that provides this is 5 U.S.C. § 555(b), which states that "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." The USCIS is subject to 5 U.S.C. § 555(b). Mr. Lahens contends that the delay in processing his application is unreasonable.

6. Both the INA and regulations provide numerous examples of duties owed by the USCIS in the application for naturalization process. INA § 103, 8 U.S.C. § 1103, states that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens . . . ."

(Emphasis added). The Code of Federal Regulations further provides that "[a] decision to grant or deny the application *shall* be made at the time of the initial examination or within 120 days after the date of the initial examination of the applicant for naturalization under § 335.2," 8 C.F.R. § 335.3 (emphasis added); and, most importantly, that "[t]he applicant *shall* be notified that the application has been granted or denied and, if the application has been granted, of the procedure to be followed for the administration of the oath of allegiance pursuant to part 337 of this chapter," 8 C.F.R. § 335.3 (emphasis added). The language of the statute and the regulations is mandatory, not discretionary, and requires the defendants to adjudicate the application for naturalization.

### III. VENUE

7.  Venue of this action is proper under INA § 336(b), 8 U.S.C, §1447(b). Mr. Lahens is filing the Complaint in the district in which he resides.

### IV. PARTIES

8.  Plaintiff, Mr. Lahens, is a native and citizen of Haiti. Mr. Lahens applied for naturalization (on Form N-400) on or about May 31, 2005. On July 1, 2005, Mr. Lahens was fingerprinted. On December 15, 2005, Mr. Lahens appeared for his naturalization interview. On November 22, 2006, Mr. Lahens was again fingerprinted. Since then, the USCIS has not provided Plaintiff or his attorneys with any specific information regarding the status of his application.

9.  Defendant Andrea Quarantillo is sued in her official capacity. She is the New York District Director of the USCIS. As such, she is the Department of Homeland Security's ("DHS") designate for the New York District, charged with the duty of administration and

enforcement of all the functions, powers, and duties of the USCIS.

10. Defendant Robert S. Mueller, III is sued in his official capacity. He is the Director of the Federal Bureau of Investigations ("FBI"), and, as such, is charged with administering the FBI and its various subsets and divisions. He has ultimate decision-making authority over the matters alleged in this complaint, specifically, the timely processing of security and background checks for the purposes of adjudication of naturalization applications.

## V. FACTS

11. Mr. Lahens is a native and citizen of Haiti. He was born on October 18, 1981. He first entered the United States on or about August 26, 2000, as a lawful permanent resident.

12. On May 31, 2005, Mr. Lahens filed Form N-400, Application for Naturalization.

13. On July 1, 2005, Mr. Lahens was fingerprinted at the Varick Street office in New York.

14. On December 15, 2005, Mr. Lahens was interviewed on his N-400 application by USCIS Officer Morochnick. Mr. Lahens passed the English and U.S. history and government test and was informed that an N-14 would be issued.

15. Since completing the interview and fingerprinting, Mr. Lahens and his attorneys have made numerous attempts to inquire into the status of his naturalization application.

16. On June 14, 2006, Mr. Lahens inquired with the USCIS about the status of his application.

17. By letter dated June 14, 2006, Immigration Information Officer G. Hadera advised Mr. Lahens that his application was pending receipt of security checks, and that a decision would be made on the application once security checks are received.

18. On November 15, 2006, Mr. Lahens again inquired with the USCIS about the status of his application.

19. By letter dated November 15, 2006, Immigration Information Officer Lillian Newkirk advised Mr. Lahens that his application is pending receipt of security checks, and that a decision would be made on the application once security checks are received.

20. On November 22, 2006, Mr. Lahens was again fingerprinted at the Varick Street offices in New York.

21. On December 3, 2006, Mr. Lahens called the USCIS to inquire about his application.

22. By letter dated December 16, 2006, the USCIS advised Mr. Lahens that his case was not yet ready for decision as the required investigation into his background remains open. The letter advised that if Mr. Lahens had not received a decision or notice of action within six months, he should contact the USCIS again.

23. By letter dated August 22, 2007, Mr. Lahens's attorneys contacted the USCIS to inquire into the status of his application.

24. As of November 30, 2007, the USCIS has yet to take any action on Mr. Lahens's naturalization application and has not provided Mr. Lahens or his attorneys with any information regarding the status of his case.

## FIRST CAUSE OF ACTION

(Defendants Have Failed to Adjudicate Mr. Lahens's Naturalization Application Within 120 Days of His Interview)

25. The allegations contained in paragraphs 1 through 24 above are repeated and realleged as though fully set forth herein.

26. Mr. Lahens has complied with all of the requirements for seeking naturalization.

27. Defendants have willfully and unreasonably delayed and refused to take action on Mr. Lahens's naturalization application.

28. Defendants owe Mr. Lahens a duty to act upon his naturalization application. Defendant USCIS is required pursuant to INA § 336(b), 8 U.S.C, §1447(b), to make a decision on such applications within 120 days from the day of an interview. Over 120 days have passed since Mr. Lahens's interview. Mr. Lahens appeared for his naturalization interview on December 15, 2005, nearly two years ago.

29. The duty to render a decision on Mr. Lahens's naturalization application is a nondiscretionary one. The duty can be compelled by this Court and is permitted by INA § 336(b), 8 U.S.C, §1447(b).

30. Defendants' failure to take action on Mr. Lahens's application for naturalization is in violation of the INA and the APA.

31. By making multiple follow-up inquiries on the status of his application, Mr. Lahens has exhausted any administrative remedy that is available to him. No other remedy exists to resolve Defendants' delay and refusal to rule on Mr. Lahens's application.

## SECOND CAUSE OF ACTION

(*De Novo* Review of Mr. Lahens's Application for Naturalization under INA § 336(b))

32. The allegations contained in paragraphs 1 through 31 above are repeated and realleged as though fully set forth herein.

33. Pursuant to INA § 336(b), 8 U.S.C, §1447(b), "[i]f there is a failure to make a determination before the end of the 120-day period after the date on which the examination is conducted . . . the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter . . . ."

34. Accordingly, if the Court will not remand for the USCIS to render a decision on Mr. Lahens's naturalization application, then, Mr. Lahens requests, in the alternative, a *de novo* review of his application for naturalization.

35. Mr. Lahens meets all of the requirements for naturalization.

36. Mr. Lahens is a person of good moral character.

37. Upon *de novo* review of his application, Mr. Lahens should be granted naturalization.

**WHEREFORE**, and in light of the foregoing, Plaintiff, Rudy Lahens, prays that the Court:

A. Assume jurisdiction herein;

B. Compel Defendants and those acting under them to perform their duty to render a decision on Mr. Lahens's naturalization application; or in the alternative,

C. Engage in a *de novo* review of Mr. Lahens's naturalization application;

D. Grant attorney's fees and costs of court; and

E. Grant such other and further relief as the Court deems appropriate and just.

Dated:   New York, New York
         December 17, 2007

                                        Respectfully submitted,

                                        BRETZ & COVEN, LLP
                                        305 Broadway, Suite 100
                                        New York, NY 10007
                                        (212) 267-2555

                                        By: _____
                                            Amanda Gray (AG 4343)

## VERIFICATION

Amanda Gray, under penalty of perjury, states the following:

1. That I am an attorney admitted to practice before this Court. I am employed by Bretz and Coven, LLP, the attorneys for the Plaintiff in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Complaint upon information and belief. The sources of my information and belief are documents provided to me by, and conversations with, the Plaintiff.

Dated:   New York, New York
         December 17, 2007

_____
Amanda Gray (AG 4343)